UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 31, 2021

LETTER TO COUNSEL

RE:   *Marcy L. v. Saul*
      Civil No. DLB-19-3043

Dear Counsel:

On October 17, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 12 ("Pl.'s Mot."); ECF 16 ("Def.'s Mot."); ECF 17 ("Pl.'s Resp."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on January 4, 2016, alleging an onset date of August 31, 2014. Administrative Transcript ("Tr.") 142. The SSA denied her claims initially and on reconsideration. Tr. 62, 77. An Administrative Law Judge ("ALJ") held a hearing on May 31, 2018. Tr. 27-50. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-22. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-3; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "cervical spine disorder, headaches, migraines, depressive disorder, anxiety disorder, and post-traumatic stress disorder (PTSD)." Tr. 15. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she could only frequently reach, crawl and climb ladders/ropes/scaffolds; could tolerate frequent

*Marcy L. v. Saul*
Civil No. DLB-19-3043
March 31, 2021
Page 2

> exposure to vibration; had to work in a moderate noise intensity level or quieter; could only perform simple and routine tasks that required only simple decisions and simple instructions; could tolerate rare (i.e. up to 10%) changes in the work setting or tasks to be performed; could have no interaction with the public and occasional interaction with coworkers and supervisors, but no tandem work assignments; and could work for 2 hour intervals and then required a 5-10 minute break.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff had no past relevant work but could perform other jobs existing in significant numbers in the national economy. Tr. 21. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 22.

On appeal, plaintiff argues (1) that the ALJ's holding runs afoul of the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and (2) that the ALJ erred in failing to properly evaluate whether plaintiff's impairments met or equaled listing 1.04A. I agree the ALJ's step-three analysis is inadequate. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

At step three of the sequential evaluation, an ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments the SSA "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1252(a), 416.925(a). Listings 1.00 through 11.00, Listing 13.00, and Listing 14.00 pertain to physical impairments. 20 C.F.R. Part 404, Subpt. P, App. 1. Each physical impairment listing contains a set of signs or medical findings that must be present for the severity of the claimant's impairment to meet the listing. The Fourth Circuit clarified the ALJ's duty to apply his findings to an appropriate listing in *Fox v. Colvin*, 632 F. App'x 750 (4th Cir. 2015).

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:

> Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

632 F. App'x at 754-55. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ did not apply any findings or medical evidence to the disability listing and "offered nothing to reveal *why* he was making his decision." *Id.* (emphasis in original).

*Marcy L. v. Saul*
Civil No. DLB-19-3043
March 31, 2021
Page 3

The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the record evidence otherwise demonstrated that the claimant did not meet a listing. *Id.* Rather, the Fourth Circuit emphasized that it is not the Court's role to "engage[] in an analysis that the ALJ should have done in the first instance[,]" "to speculate as to how the ALJ applied the law to [his] findings[,] or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The *Fox* Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.*

Here, after the ALJ concluded plaintiff is severely impaired by cervical spine disorder, the ALJ considered whether the severity of plaintiff's spine disorder met or equaled listing 1.04. Tr. 15-16. The entirety of the ALJ's analysis of listing 1.04 at step three reads, "I have considered listing 1.04 for [plaintiff's] cervical spine disorder. However, the cervical spine MRI and the physical examinations do not reveal findings that met or equaled listing 1.04 or any other listing." Tr. 16 (internal citations omitted). This analysis is similar to the conclusory analysis that the Fourth Circuit found erroneous. *See Fox*, 632 F. App'x at 754-55. While here the ALJ did include some internal citations, "the ALJ did not apply findings to the disability listing." *Id.* at 755.

Listing 1.04A requires:

Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscled weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, App. 1 § 1.04A. The MRI the ALJ references, which took place approximately two years before plaintiff's alleged onset date, does not explain the ALJ's conclusion. Listing 1.04A, as plaintiff explains, does not require radiographic evidence of nerve root compression. *See* Pl.'s Mot. at 24-25. Thus, the ALJ's reference to the MRI does not itself explain why plaintiff's impairment did not meet or equal Listing 1.04A.

The ALJ's brief reference to "physical examinations" does not explain the ALJ's reasoning. The Commissioner acknowledges that "[p]laintiff points to evidence of some disc herniation, and that she intermittently complained of pain, weakness, and exhibited limited range of motion on examination." Def.'s Mot. at 11. His citation to *Clark v. Berryhill*, No. 5:16-cv-52-gcm, 2017 WL 3687927 (W.D.N.C. Aug. 25, 2017), is therefore to no avail. In *Clark*, the plaintiff conceded that she did not satisfy all the elements of Listing 1.04A. *Id.* at *3. In this case, plaintiff argues—and the Commissioner does not dispute—that she presented evidence arguably establishing each element of Listing 1.04A. *See* Pl.'s Mot. at 24-27; Def.'s Mot. Accordingly, *Clark* is not on point because here the ALJ, unlike the ALJ in *Clark*, "offered nothing to reveal *why* he was making his decision." *Fox*, 632 F. App'x at 755 (emphasis in original).

The Commissioner also argues that "[a]lthough the ALJ did not spell out the specific examination findings in his step[-]three analysis, he cited to medical records found throughout the medical transcript." Def.'s Mot. at 9. The ALJ, however, gave no signal whatsoever as to what

*Marcy L. v. Saul*
Civil No. DLB-19-3043
March 31, 2021
Page 4

his findings were with respect to those records and the numerous components of listing 1.04. The Commissioner effectively asks this Court to "review the record and cure the ALJ's deficienc[ies]" by coming to some conclusion that could be consistent with—but totally distinct from—the conclusions to which the ALJ himself came. *See Fox*, 632 F. App'x at 755. But as the Commissioner points out, "it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Def.'s Mot. at 12 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The Commissioner additionally argues that "the ALJ provided additional discussion of examination findings supporting his step[-]three finding" in his narrative discussion of plaintiff's RFC. Def.'s Mot. at 9-10. The Commissioner, however, does not point to where in the decision the ALJ cured the inadequate step-three analysis by discussing the record evidence in the context of the requirements of listing 1.04. *See id.* at 9-12. While the ALJ included some discussion of plaintiff's spine impairment, the ALJ's opinion does not contain an assessment of the criteria set forth in listing 1.04. *See* Tr. 10-22. This Court may not engage in a broad review of the record evidence in the first instance. The *Fox* Court found fault in the ALJ's analysis because he did not "provide any explanation connecting his determination to that of [the claimant's] failure to meet the listing impairment." 632 F. App'x at 755. Thus, regardless of the existence of inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings regarding plaintiff's severe impairments. Here, as in *Fox*, the ALJ failed to apply the requirements of relevant listings to the medical evidence at any point in the decision. Accordingly, remand is necessary.

Finally, because I remand for the ALJ's inadequate analysis at step three, I decline to decide whether the ALJ's decision complies with *Mascio*'s requirements. *See* 780 F.3d at 638. The ALJ may consider plaintiff's argument on remand.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 12, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                        Sincerely yours,

                                        /s/

                                        Deborah L. Boardman
                                        United States Magistrate Judge